UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAURENCIA ROBLES, | Case No. 2:13-CV-2221 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| GREEN TREE SERVICING, LLC, et al., | |
| Defendant(s). | |

Presently before the court is defendants Green Tree Servicing LLC and Federal National Mortgage Association's motion for summary judgment. (Doc. # 25). Plaintiff Laurencia Robles has not filed a response, and the time for doing so has passed.

**I.      Background**

On October 23, 2007, Ms. Robles executed a promissory note in connection with a mortgage loan for $118,500.00 to purchase the real property located at 801 Glendale Avenue in North Las Vegas, NV. Robles subsequently failed to make payments on the loan and became delinquent as of August 1, 2012. On January 23, 2013, defendants recorded a notice of default.

In February 2013, defendants offered a "trial plan" to assist Robles with the delinquency. After plaintiff performed the trial plan, defendants offered her a permanent modification in May 2013, which she failed to execute. She did not make any payments required under the modification. Accordingly, defendants notified her that the modification was denied.

Plaintiff's complaint alleges that she instead relied on an unidentified third party to negotiate loan modifications. Robles claims that she did not find out until after the foreclosure sale that the third party had not taken any action on her behalf. Plaintiff brings claims for wrongful foreclosure, promissory estoppel, and unjust enrichment. She seeks damages and injunctive relief.

. . .

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the

James C. Mahan
U.S. District Judge

pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III.   Discussion

Plaintiff has not filed an opposition to defendants' motion for summary judgment. Under Local Rule 7-2(d), "[t]he failure of the opposing party to file points and authorities in response to any motion shall constitute a consent to granting the same." LR 7-2(d). However, a motion for summary judgment cannot be granted simply because the opposing party violated a local rule. *Marshall v. Gates*, 44 F.3d 722, 725 (9th Cir. 1995) (citing *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 949 (9th Cir. 1993)).

Indeed, *Henry* held that "it is highly questionable in light of the standards of [FRCP] 56 that a local rule can mandate the granting of summary judgment for the movant based on a failure to file opposing papers where the movant's papers are themselves insufficient to support a motion for summary judgment or on their face reveal a genuine issue of material fact." *Henry*, 983 F.2d at 950 (citing *Hamilton v. Keystone Tankship Corp.*, 539 F.2d 684, 686 n. 1 (9th Cir.1976)).

In the present case, however, defendants' motion for summary judgment is sufficient to support summary judgment in their favor. *Cf. Henry*, 983 F.2d at 950. There is no genuine dispute that the loan was made to Robles and that Robles breached her repayment obligations under the loan. The terms of the loan agreement are also undisputed. Further, there is no genuine dispute that Green Tree made an offer for permanent modification via letter on May 15, 2013. Finally, there is no genuine dispute that the subject property was sold on August 29, 2013 or that the trustee's deed upon sale was recorded on September 5, 2013.

Defendants have demonstrated that the wrongful foreclosure claim is not timely because it was filed more than forty-five days after the sale. The claim is thus time-barred. NRS 107.080(5)(b); *Buzz Stew, LLC v. City of N. Las Vegas,* 124 Nev. 224, 227- 28, 181 P. 3d 670, 672 (2008)) ["[I]f a wrongful foreclosure claim is time-barred, there is no set of facts that [plaintiff can

**James C. Mahan**
**U.S. District Judge**

prove] that would have entitled him to relief."). Furthermore, defendants have demonstrated that Robles was in default at the time of sale. The absence of default at the time of sale is an essential element to a wrongful foreclosure claim. *See Collins v. Union Federal Sav. & Loan Ass'n.*, 99 Nev. 284, 204 (Nev. 1983).

Defendants have shown that plaintiff did not detrimentally rely on any promise made by defendants. Robles thus cannot sustain her promissory estoppel claim. *See Pink v. Busch,* 100 Nev. 684, 689, 691 P.2d 456, 460 (Nev. 1984). Finally, defendants have demonstrated the existence of express contracts between themselves and plaintiff. Robles thus cannot sustain an unjust enrichment claims. *See Leasepartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 113 Nev. 747, 755, 942 P.2d 182, 187 (Nev. 1997).

The defendants have submitted properly authenticated evidence to demonstrate the absence of any genuine issue of material fact for trial. *Celotex Corp.*, 477 U.S. at 323; *see Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002). Since defendants have met their initial burden, the burden shifts to defendants to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 586. However, defendants forwent an opportunity to demonstrate that a factual dispute exists.

**IV.   Conclusion**

The court finds that summary judgment in favor of defendants is appropriate on all claims. Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Green Tree Servicing LLC and Federal National Mortgage Association's motion for summary judgment (doc. # 25) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants Green Tree Servicing LLC and Federal National Mortgage Association shall submit an appropriate judgment consistent with this order.

DATED March 24, 2016.

UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -